**Guoxiang LI, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74128.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Jan. 20, 2006.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Donald A. Couvillon, Esq., Jennifer A. Parker, Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*

Petitioner Guoxiang Li ("Li") challenges the denial of asylum relief based on an adverse credibility finding of the Immigra-

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion Judge ("IJ"), summarily affirmed and incorporated by the Board of Immigration Appeals ("BIA").

The IJ's adverse credibility finding was based on (1) Li's demeanor, (2) conflicts between his testimony and a report from the U.S. State Department, and (3) the IJ's belief that Li's claim of a forced abortion in his girlfriend's eighth month of pregnancy was "incredible."

■ The IJ described Li's demeanor as "poor," stating that he "seemed puzzled and confused," and that his "testimony was halting." These descriptions are insufficiently detailed to support the IJ's credibility finding. The IJ must specifically and cogently refer to the aspects of the applicant's demeanor that call the applicant's credibility into question. *Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir.2003).

■ While the IJ may use a country report to discredit a generalized statement about the country, the IJ may not use it to discredit specific testimony regarding the applicant's individual experience. *Zheng v. Ashcroft*, 397 F.3d 1139, 1143–44 (9th Cir.2005). Therefore, the IJ's use of the state department country report to discredit Li's testimony regarding his experience is invalid.

■ The IJ described Li's claim that his girlfriend was forced to have an abortion in her eighth month of pregnancy as "incredible." An adverse credibility finding cannot rest on mere speculation or conjecture. *See Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000). With no specific evidence to discredit Li's claim, the IJ's belief that Li's story was too fantastic to be believed was based simply on personal speculation and was, therefore, an improper basis for an adverse credibility finding.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

We remand pursuant to *INS v. Ventura*, 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), for proceedings consistent with this disposition.

**PETITION GRANTED AND REMANDED.**